**FILED**

JAN 05 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO E. RUBIO, JR., ) | No. C 14-3980 LHK (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| v. ) | |
| M. PENDER, et al., ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, plaintiff's complaint is DISMISSED.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal
P:\PRO-SE\LHK\CR.14\Rubio980dis.wpd

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In the complaint, plaintiff alleges that defendant Correctional Officer M. Pender fabricated disciplinary violations and wrote a rules violation report against plaintiff. Defendant Correctional Lieutenant R. Downey presided over the disciplinary hearing and ultimately found plaintiff to be guilty. Correctional Lieutenant Downey assessed 61 days forfeiture of good time credits from plaintiff. Subsequently, defendants J.J. Hughes and V. Solis both reviewed and approved the findings of the disciplinary hearing. Plaintiff filed administrative appeals and was granted a rehearing. Upon rehearing, plaintiff was found not guilty. As a result, the charges were dismissed and the RVR was invalidated.

Plaintiff appears to be alleging that the creation of the unfounded rules violation report violated his right to due process.

Interests protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id.* at 477-87. Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim, however, unless the deprivation suffered is one of "real substance" as defined in *Sandin*. "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship

on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

However, even assuming that the initial disciplinary hearing and resulting sanctions had implicated plaintiff's right to due process, as a result of the inmate appeal process, the disciplinary report was dismissed and the sanctions, including the good time credit forfeiture, reversed. As such, plaintiff no longer suffered from an atypical or significant hardship in relation to the ordinary incidents of prison life, nor is he suffering from state action that will affect the duration of his sentence. *See Sandin*, 515 U.S. at 484. In light of the rehearing, the rules violation report was expunged from plaintiff's file, and the good time credits were restored. Thus, plaintiff no longer has a due process violation of which to speak.

Moreover, a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). A false charge that results in discipline that does not amount to a deprivation of a protected liberty interest under *Sandin*, is not actionable under Section 1983 if it does not implicate another constitutional right. *See Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002); *see, e.g., id.* at 654 (even if the charges that led to disciplinary confinement were false, no claim was stated because the disciplinary confinement imposed was too short to amount to an atypical and significant hardship under *Sandin*). Similarly here, plaintiff is not suffering from an atypical or significant hardship.

Finally, to the extent plaintiff is claiming that he was denied parole because the rules violation report had not been invalidated by the time plaintiff appeared before the Board of Parole Hearings to determine plaintiff's parole eligibility, that also fails to state a claim for relief. The Supreme Court has held that a California prisoner "received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). Plaintiff does not allege that he did not receive these considerations at his parole hearing.

Accordingly, plaintiff's complaint is DISMISSED for failure to state a claim. Because

Order of Dismissal
P:\PRO-SE\LHK\CR.14\Rubio980dis.wpd           3

1 | plaintiff can provide no set of facts in support of his claim that would entitle him to relief, the
2 | dismissal is without leave to amend.
3 |   The Clerk shall terminate all pending motions and close the file.
4 | IT IS SO ORDERED.
5 | DATED: 1/2/15

*Lucy H. Koh*
LUCY H. KOH
United States District Judge
